UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT JONES,

    Petitioner,

v.                                                                          Case No. 8:25-cv-685-WFJ-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Albert Jones is a Florida prisoner serving a life sentence for armed robbery. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). For the reasons explained below, it appears that the petition is untimely. Accordingly, Mr. Jones will be required to show cause why his petition should not be dismissed as time-barred. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (district court may "*sua sponte* dismiss[] [a] § 2254 petition [for untimeliness]").

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period typically begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed

application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Jones's conviction was affirmed on direct appeal on May 9, 2014. *Jones v. State*, No. 2D13-1651, Docket (Fla. 2d DCA).[1] The judgment became final 90 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—August 8, 2014.

After 138 days of untolled time, on December 24, 2014, Mr. Jones filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). *State v. Jones*, No. 2010-CF-25201, Rule 3.800(a) Motion (Fla. 6th Jud. Cir. Ct.). That motion stopped the clock, *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002), and it remained pending until the appellate mandate issued on July 30, 2015, *State v. Jones*, No. 2010-CF-25201, Docket (Fla. 6th Jud. Cir. Ct.). The limitation period resumed the next day—July 31, 2015.

The clock ran for an additional 203 days until Mr. Jones filed a Rule 3.850 motion on February 19, 2016. *State v. Jones*, No. 2010-CF-25201, Rule 3.850 Motion (Fla. 6th Jud. Cir. Ct.). That motion stopped the clock. *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004). The appellate mandate issued on September 14, 2017, and the clock resumed the next day. *State v. Jones*, No. 2010-CF-25201, Docket (Fla. 6th Jud. Cir. Ct.). At that

---

[1] The Court takes judicial notice of the relevant state-court docket sheets and postconviction filings. *See Paez*, 947 F.3d at 651 ("State court records of an inmate's postconviction proceedings generally satisfy th[e] standard [for taking judicial notice of facts under Federal Rule of Evidence 201]."). Copies of these documents are attached to this Order for Mr. Jones's reference. *See id.* at 653 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

point, Mr. Jones had 24 days—or until October 10, 2017—to file his federal habeas petition. He missed the deadline by several years, filing his petition on March 17, 2025. (Doc. 1 at 1). It therefore appears that this action is untimely.[2]

Accordingly, within **THIRTY DAYS** of the date of this Order, Mr. Jones must **SHOW CAUSE** in writing why his petition should not be dismissed as time-barred. Mr. Jones may attempt to show that he is entitled to equitable tolling, that the actual-innocence exception overcomes the time bar, or that he is entitled to a later start date of the limitation period. If Mr. Jones fails to timely respond to this Order, the Court will take his petition under advisement and issue a ruling forthwith.

**DONE** and **ORDERED** in Tampa, Florida, on March 25, 2025.

*/s/ William F. Jung*
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[2] After the expiration of the limitation period, Mr. Jones filed several postconviction motions in state court. *State v. Jones*, No. 2010-CF-25201, Docket (Fla. 6th Jud. Cir. Ct.). Those motions had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.").