UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT JONES,

    Petitioner,

v.                                               Case No. 8:25-cv-685-WFJ-AAS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Albert Jones is a Florida prisoner serving a life sentence for armed robbery. He initiated this action by filing a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Shortly thereafter, the Court informed Mr. Jones that his petition appeared to be untimely and ordered him to show cause why this action should not be dismissed on that basis.[1] (Doc. 2). Mr. Jones subsequently filed a response to the show-cause order. (Doc. 5). After careful review, the Court concludes that the petition must be **DISMISSED as time barred**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This

---

[1] *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (district court may "*sua sponte* dismiss[] [a] § 2254 petition [for untimeliness] after giving [petitioner] notice of its decision and an opportunity to be heard in opposition").

limitation period typically begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

Mr. Jones's conviction was affirmed on direct appeal on May 9, 2014. (Doc. 2-2 at 2). The judgment became final 90 days later, when the time to petition the United States Supreme Court for a writ of certiorari expired. *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). The AEDPA limitation period began to run the next day—August 8, 2014.

After 138 days of untolled time, on December 24, 2014, Mr. Jones filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Doc. 2-3). That motion stopped the clock, *Ford v. Moore*, 296 F.3d 1035, 1040 (11th Cir. 2002), and it remained pending until the appellate mandate issued on July 30, 2015, (Doc. 2-1 at 3). The limitation period resumed the next day—July 31, 2015.

The clock ran for an additional 203 days until Mr. Jones filed a Rule 3.850 motion on February 19, 2016. (Doc. 2-4). That motion stopped the clock. *Day v. Crosby*, 391 F.3d 1192, 1192-93 (11th Cir. 2004). The appellate mandate issued on September 14, 2017, and the clock resumed the next day. (Doc. 2-1 at 3). At that point, Mr. Jones had 24 days—or until October 10, 2017—to file his federal habeas petition. He missed the deadline by

several years, filing his petition on March 17, 2025. (Doc. 1 at 1). This action is therefore untimely.[2]

In his show-cause response, Mr. Jones does not dispute any of these calculations. Instead, he seeks to invoke the "miscarriage of justice" exception to AEDPA's limitation period. (Doc. 5 at 1-3). This exception requires a showing of "actual innocence"—namely, that "in light of [ ] new evidence, no juror, acting reasonably, would have voted to find [petitioner] guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Mr. Jones does not attempt to satisfy this demanding standard. Instead, he appears to contend that his petition is entitled to a merits review because it raises alleged constitutional violations. (Doc. 5 at 6-8). But "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see also Zebranek v. Sec'y, Dep't of Corr.*, No. 8:21-cv-559-CEH-NHA, 2024 WL 111995, at *4 (M.D. Fla. Jan. 10, 2024) (petitioner "not entitled to the [miscarriage-of-justice] exception merely by alleging a federal constitutional violation because AEDPA's statute of limitations applies to constitutional claims").

Accordingly, it is **ORDERED** that:

1. Mr. Jones's petition (Doc. 1) is **DISMISSED as time barred**.

---

[2] After the expiration of the limitation period, Mr. Jones filed several postconviction motions in state court. (Doc. 2-1 at 1-3). Those motions had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled.").

2. The **CLERK** is directed to enter judgment against Mr. Jones and to **CLOSE** this case.

3. Mr. Jones is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). To obtain a certificate of appealability, Mr. Jones must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time barred, Mr. Jones cannot satisfy the second prong of the *Slack* test. And because Mr. Jones is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, on June 3, 2025.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**